**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSALINA CALONGE, an individual and successor in interest to Francis Calonge, deceased,<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>CITY OF SAN JOSE, a municipal public entity; EDWARD CARBONI, an individual,<br><br>       Defendants-Appellees,<br><br> and<br><br>FRANCISCO CALONGE, Nominal Defendant,<br><br>       Defendant. | No.   22-16495<br><br>D.C. No. 5:20-cv-07429-NC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted November 17, 2023
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In a concurrently filed opinion we hold that Officer Carboni is not entitled to qualified immunity on Ms. Calonge's Fourth Amendment claim. In this memorandum disposition we address Ms. Calonge's Fourteenth Amendment claim against Officer Carboni and her California state law claims against Officer Carboni and the City of San Jose.

The district court held that Officer Carboni was entitled to qualified immunity on the Fourteenth Amendment claim and therefore granted summary judgment in his favor. Having resolved both federal law claims, the district court then declined to exercise jurisdiction over the remaining state law claims and dismissed them without prejudice.

1. Because we reverse as to the Fourth Amendment claim, we also reverse the district court's dismissal of the state law claims.[1]

2. We affirm the district court's grant of summary judgment on the Fourteenth Amendment claim. Parents have a "Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). That interest extends to adult children. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1169 (9th Cir. 2013). Government action that deprives a parent of that liberty interest violates the due

---

[1] Ms. Calonge did not appeal the earlier dismissal of her personal claim under California Civil Code § 52.1, so that claim remains dismissed.

process guarantee of the Fourteenth Amendment if it "shocks the conscience." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

The standard for determining whether conduct shocks the conscience varies based on the circumstances. Where "actual deliberation is practical," the question is whether the government actor was deliberately indifferent. *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). Actual deliberation is practical where there are "extended opportunities to do better," such as when a person is held in "normal pretrial custody." *Id.* at 851, 853. By contrast, actual deliberation is not practical where "unforeseen circumstances demand an officer's instant judgment," such as when "prison officials [are] facing a riot" or where police are involved in "high-speed chases." *Id.* 853-54. Those situations call for "fast action" and implicate "obligations that tend to tug against each other." *Id.* at 853. There, the question is whether the government actor had a "purpose to harm," a "more demanding" standard than deliberate indifference. *Porter*, 546 F.3d at 1137.

Ms. Calonge contends that Officer Carboni actually deliberated before shooting her son because three seconds passed between when he warned the other police officers and when he fired. But the Supreme Court has cautioned that "actual deliberation" in the Fourteenth Amendment context does not mean "'deliberation' in the narrow, technical sense in which it has sometimes been used in traditional homicide law." *Lewis*, 523 U.S. at 851 n.11. We have held that a

3

five-minute encounter that was "quickly evolving" did not allow for actual deliberation for Fourteenth Amendment purposes. *Porter*, 546 F.3d at 1139. The circumstances of this case likewise did not allow for actual deliberation within the meaning of the Fourteenth Amendment inquiry. The relevant question is therefore not whether Officer Carboni was deliberately indifferent, but whether he had a purpose to harm Calonge.

A government actor has a purpose to harm when his intent is "to inflict force beyond that which is required by a legitimate law enforcement objective." *Id.* at 1140 (quoting *Davis v. Township of Hillside*, 190 F.3d 167, 172 (3d Cir. 1999) (McKee, J., concurring)). Legitimate law enforcement objectives include "arrest, self-defense, or the defense of others." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013). The inquiry is subjective: The officer's *intent* must be to inflict unjustified force. *Id.* at 453.

Ms. Calonge has not presented evidence that Office Carboni had a subjective intent to do anything other than to further legitimate law enforcement objectives. Officer Carboni testified that he fired his rifle because he thought Calonge was reaching for the gun in his waistband and might take bystanders hostage. Although Officer Carboni may have been tragically and unreasonably mistaken, his testimony is facially plausible as to his subjective beliefs, and Ms. Calonge has not offered evidence that contradicts it. Because there is no evidence from which a

4

reasonable jury could conclude that Officer Carboni had a purpose to harm, we conclude that Officer Carboni's actions did not violate the Fourteenth Amendment. He is therefore entitled to qualified immunity on that claim.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**